UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW HAMPSHIRE

**UNITED STATES OF AMERICA**

        **v.**                        Cr. No. 07-189-01/02/03/04-GZS

**DANIEL RILEY,**
**JASON GERHARD,**
**CIRINO GONZALEZ, and**
**ROBERT WOLFFE**

### SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### BACKGROUND

**1.** On or about January 18, 2007, the last day of a trial that started on January 9, a jury returned verdicts convicting Edward Brown and Elaine Brown of conspiracy and a number of federal tax crimes.

**2.** The jury returned its verdict against Edward Brown in his absence. After the third day of evidence, January 11, 2007, Edward Brown returned to his and Elaine Brown's joint residence in Plainfield, N.H., and never came back to court. On January 12, 2007, a federal warrant was issued for Edward Brown's arrest based upon his failure to appear for the completion of his trial.

**3.** Elaine Brown also failed to appear for what was to be the fourth day of evidence but, after a brief continuance of the proceedings, she returned for the remainder of the trial. Shortly after her conviction, however, she was charged with violating conditions of her release pending sentencing by removing an electronic monitoring ankle bracelet and returning to her residence

where Edward Brown remained.  A federal warrant was issued for her arrest.

**4.**   On April 24, 2007, Edward Brown and Elaine Brown were each sentenced to sixty-three (63) months in prison.  Neither Edward Brown nor Elaine Brown appeared for the sentencing proceeding and the  sentences against them were imposed in their absence.

**5.**   While the Browns had been fugitives, officers of the United States Marshals Service had made efforts to arrest them. During the same period of time, the Browns had remained inside the boundaries of the property on which their home is located, and they had publicly stated their intention to forcibly resist any effort to arrest them.

## COUNT ONE

### Conspiracy To Prevent Officers of the United States From Discharging Their Duties
### 18 U.S.C.§ 372

    **6.** The allegations of paragraphs 1 through 5 of this Indictment are re-alleged and incorporated as if set forth in full herein.

    **7.** From in and around January 2007, through in and around September 2007, in the District of New Hampshire and elsewhere, the defendant,

> **DANIEL RILEY,**
> **JASON GERHARD,**
> **CIRINO GONZALEZ, and**
> **ROBERT WOLFFE**

knowingly conspired and agreed together and with other individuals, both known and unknown to the grand jury, to prevent by force, intimidation and threat employees of the United States Marshals Service, who are officers of the United States, in the discharge of their official duties, to wit: arresting Edward Brown and Elaine Brown, in violation of Title 18, United States Code, Section 372.

### Purpose of the Conspiracy

    **8.** The purpose of the conspiracy was to prevent the United States Marshals Service from arresting Edward Brown and Elaine Brown.

**Manner and Means of the Conspiracy**

9. The manner and means by which **RILEY, GERHARD, GONZALEZ and WOLFFE** and the other people with whom they conspired sought to accomplish the object of the conspiracy included, among others, temporarily residing in the Browns' home, purchasing firearms, bringing firearms to the Browns' home, and publicly announcing their intention to forcibly resist efforts by the United States Marshals Service to arrest Edward Brown and Elaine Brown.

**Overt Acts**

10. In furtherance of the conspiracy, **RILEY, GERHARD, GONZALEZ and WOLFFE** and the other people with whom they conspired, committed and caused the following overt acts to be committed in the District of New Hampshire, and elsewhere:

   a. On different occasions between in and around May 2007, and in and around September 2007, **RILEY,** who is a resident of Cohoes, New York, temporarily resided in the Browns' home;

   b. On different occasions between in and around May 2007, and in and around September 2007, **GERHARD,** a resident of Brookhaven, New York, temporarily resided in the Browns' home;

   c. On different occasions between in and around May 2007, and in and around June 2007, **GONZALEZ,** who is a resident of Alice, Texas, temporarily resided in the Browns' home;

d. On different occasions between in and around May 2007, and in and around September 2007, **WOLFFE**, who is a resident of Randolph, Vermont, temporarily resided at the Browns' property;

e. On different occasions between in and around May 2007, and in and around September 2007, **RILEY** publicly declared his intention to forcibly resist any effort by the United States Marshals Service to arrest Edward Brown and Elaine Brown;

f. On different occasions between in and around May 2007, and in and around June 2007, **GONZALEZ** publicly declared his intention to forcibly resist any effort by the United States Marshals Service to arrest Edward Brown and Elaine Brown;

g. On different occasions between in and around May 2007, and in and around September 2007, **GERHARD** publicly declared his intention to forcibly resist any effort by the United States Marshals Service to arrest Edward Brown and Elaine Brown;

h. On or about January 21, 2007, **GERHARD** accepted delivery of a Bushmaster rifle from a firearms dealer in Alstead, New Hampshire;

i. On or about April 2, 2007, **GERHARD** purchased an M44 rifle from a firearms dealer in Newport, New Hampshire;

j. On or about May 23, 2007, **RILEY** purchased a high-powered .50 rifle from the firearms dealer in Newport, New Hampshire.

k. On or about May 23, 2007, **GONZALEZ** purchased a high-powered .50 rifle from the firearms dealer in Newport, New Hampshire;

l. In and around June 2007, **RILEY** delivered a number of fire extinguishers to the Browns home because Edward Brown said that he (Edward Brown) believed that federal law enforcement officers would set fire to the Browns' home;

m. In and around June 2007, **RILEY** brought a shot gun into the Brown's home;

n. In and around June 2007, **RILEY** installed motion detector lights on the Browns' property;

o. In and around June 2007, **GERHARD** attempted to cause firearms accessories he purchased from a firearms dealer in Maryland to be delivered to the Browns' home;

p. In and around June or July 2007, **GONZALEZ** and **GERHARD** and another person posed for a photograph with Edward Brown. The photograph was posted to an account on a social networking internet site, myspace.com, that was registered to **GERHARD**. The internet account was used to make statements in support of Edward Brown and Elaine Brown. In the photograph, **GONZALEZ** and **GERHARD** possess rifles;

q. On or about July 20, 2007, **GERHARD** purchased two (2) Ruger rifles from the firearms dealer in Alstead, New Hampshire;

r. On or about July 25, 2007, **GERHARD** purchased a high-powered .50 rifle from the firearms dealer in Alstead, New Hampshire;

s. On or about July 31, 2007, **GERHARD** purchased another Ruger rifle from the firearms dealer in Alstead, New Hampshire;

t. Between in or around January 2007 and September 2007, **WOLFFE** provided a 1992 Chevrolet Caprice to the Browns which was used by other supporters of the Browns to run errands and gather supplies for the Browns;

u. On various dates between in or around January 2007 and September 2007, **WOLFFE** conducted counter-surveillance of Deputy U.S. Marshals;

v. On various dates between oin or around January 2007 to in or around September 2007, **WOLFFE** provided armed security for the Browns;

w. In or about August and September 2007, **WOLFFE** made his residence available as a point of trans-shipment for supplies for delivery to the Browns.

All violation of Title 18, United States Code, Section 372.

## COUNT TWO

**Conspiracy to Commit Offenses Against the United States**
**18 U.S.C. §371**

**11.** The allegations of paragraphs 1 through 5 and 8 through 10 of this Indictment are re-alleged and incorporated as if set forth in full herein, including the overt acts alleged in paragraph 10a through 10w.

**12.** From in and around January 2007, through in and around September 2007, in the District of New Hampshire and elsewhere, the defendants,

**DANIEL RILEY,**
**JASON GERHARD,**
**CIRINO GONZALEZ, and**
**ROBERT WOLFFE**

knowingly and willfully conspired and agreed with each other and other individuals, both known and unknown to the grand jury, to commit the following offenses against the United States:

a. forcibly to assault, resist, oppose, impede, intimidate and interfere with federal law enforcement officers in the discharge of their duties, to wit: attempting to arrest Edward Brown and Elaine Brown, in violation of Title 18, United States Code, Sections 371 and 111(a)(1); and

b. knowing that offenses against the United States had been committed by Edward Brown and Elaine Brown, received, relieved, comforted and assisted Edward Brown and Elaine Brown in order to hinder and prevent their apprehension, trial and

punishment, in violation of Title 18, United States Code, Sections 371 and 3.

## COUNT THREE

### Accessory After the Fact
### 18 U.S.C. § 3

**13.** The allegations of paragraphs 1 through 5 and 8 through 10 of this Indictment are re-alleged and incorporated as if set for in full herein, including the overt acts alleged in paragraphs 10a through 10w.

**14.** From in and around January 2007, through in and around September 2007, in the District of New Hampshire and elsewhere, the defendants,

**DANIEL RILEY,**
**JASON GERHARD,**
**CIRINO GONZALEZ, and**
**ROBERT WOLFFE**

knowing that offenses against the United States had been committed by Edward Brown and Elaine Brown, received, relieved, comforted and assisted Edward Brown and Elaine Brown in order to hinder and prevent their apprehension, trial and punishment;

All in violation of Title 18, United States Code, Section 3.

## COUNT FOUR

### Carrying and Possessing a Firearm in Connection with a Crime of Violence
### 18 U.S.C. §924(c)(1)(A)(i)

**15.** The allegations of paragraphs 1 through 5 and 8 through 10 of this Indictment, including the overt acts listed in 10a through 10w, are re-alleged and incorporated as is set forth in full herein.

**16.** In and around May 23, 2007, in the District of New Hampshire and elsewhere, the defendant,

**DANIEL RILEY**,

knowingly and intentionally: (a) carried a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, to wit: conspiracy to forcibly assault, resist, oppose, impede, intimidate and interfere with federal law enforcement in the official discharge of their duties, attempting to arrest Edward Brown and Elaine Brown, in violation of Title 18, United States Code, Sections 371 and 111(a)(1); and (b) in furtherance of such crime of violence, possessed a firearm.

All in violation of Title 18, United States Code, Section, 924(c)(1)(A)(I).

## COUNTS FIVE - TEN

### Carrying and Possessing a Firearm in Connection with a Crime of Violence
### 18 U.S.C. §924(c)(1)(A)

**17.** The allegations of paragraphs 1 through 5 and 8 through 10 of this Indictment are re-alleged and incorporated as if set forth in full herein, including the overt acts alleged in paragraphs 10a through 10w.

**18.** On or about the dates indicated below, in the District of New Hampshire and elsewhere, the defendant,

**JASON GERHARD,**

knowingly and intentionally: (a) carried a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, to wit: the conspiracy to forcibly assault, resist, oppose, impede, intimidate and interfere with federal law enforcement in the official discharge of their duties, attempting to arrest Edward Brown and Elaine Brown, in violation of Title 18, United States Code, Sections 371 and 111(a)(1); and (b) in furtherance of such crime of violence, possessed a firearm:

| Count | Date | Firearm |
|---|---|---|
| 5 | 01/21/07 | Bushmaster Rifle |
| 6 | 04/02/07 | M44 Rifle |
| 7 | 07/20/07 | Ruger Mini 44 Rifle |
| 8 | 07/20/07 | Ruger M77 Rifle |
| 9 | 07/25/07 | Serbu .50 Rifle |

| | | |
|---|---|---|
| 10 | 07/31/07 | Ruger Rifle |

All in violation of Title 18, United States Code, Section, 924(c)(1)(A).

# COUNT ELEVEN

**Carrying and Possessing a Firearm in
Connection with a Crime of Violence
18 U.S.C. §924(c)(1)(A)(i)**

**19.** The allegations of paragraphs 1 through 5 and 8 through 10 of this Indictment are re-alleged and incorporated as if set forth in full herein, including the overt acts alleged in paragraphs 10a through 10w.

**20.** In and around May 23, 2007, in the District of New Hampshire and elsewhere, the defendant,

**CIRINO GONZALEZ,**

knowingly and intentionally: (a) carried a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, to wit: conspiracy to forcibly assault, resist, oppose, impede, intimidate and interfere with federal law enforcement in the official discharge of their duties, attempting to arrest Edward Brown and Elaine Brown, in violation of Title 18, United States Code, Sections 371 and 111(a)(1); and (b) in furtherance of such crime of violence, possessed a firearm;

All in violation of Title 18, United States Code, Section, 924(c)(1)(A)(i).

Dated: October 31, 2007

**TRUE BILL**

/s/ Foreperson
Foreperson of the Grand Jury


Thomas P. Colantuono
United States Attorney


By: /s/ Arnold H. Huftalen (for)
Robert M. Kinsella
Assistant United States Attorney


/s/ Arnold H. Huftalen
Arnold H. Huftalen
Assistant United States Attorney