

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )  **Cr. No. 07-189-04-GCZ** |
| | ) |
| **ROBERT WOLFFE** | ) |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal
Procedure, the United States of America ("the government") by its
attorney, Thomas P. Colantuono, United States Attorney for the
District of New Hampshire, and the defendant, Robert Wolffe, and
the defendant's attorney, Paul J. Garrity, enter into the following
Plea Agreement:

## 1. **The Plea and The Offenses**.

The defendant agrees to plead guilty to Counts 1, 2 & 3 of the
Third Superseding Indictment ("the Indictment") charging him with:
Count 1, Conspiracy To Prevent Officers of the United States From
Discharging Their Duties, in violation of Title 18, United States
Code, Section 372 ("the Count 1 offense"); Count 2, Conspiracy to
Commit Offenses Against the United States, in violation of Title
18, United States Code, Sections 371, 111(a) and 3 ("the Count 2
offense"); and, Count 3, Accessory After the Fact, in violation of
Title 18, United States Code, Section  3 ("the Count 3 offense").

The defendant also agrees to knowingly and voluntarily waive
any rights, Constitutional or otherwise, he has to have the

-1-

change of plea hearing in this New Hampshire case held in the District of New Hampshire, the District in which the charged crimes occurred. He specifically agrees to having the change of plea hearing in this New Hampshire case held in the District of Maine.

2. **The Statutes and the Elements of the Offenses**.

## 18 U.S.C. §372
(Count One)

As to the Count 1 offense, Title 18, United States Code, Section 372 provides, in pertinent part:

If two or more persons . . . conspire to prevent, by force, intimidation, or threat, any person from . . . discharging any duties of any offense under [the United States] . . . [shall be guilty of an offense].

To establish that a violation of 18 U.S.C. §372 was committed, the government must prove the following four elements beyond a reasonable doubt:

**First**, that the defendant and at least one other person entered into an agreement to use force, or to intimidate or threaten employees of the United States Marshals Service;

**Second**, the defendant knowingly joined the agreement,

**Third**, the defendant acted with the intent to prevent employees of the United States Marshals Service in the discharge of their official duties; and

-2-

**Fourth,** the employees of the United States Marshals Service are officers of the United States.[1]

### 18 U.S.C. §§371, 111(a)(1) and 3.

(Counts Two and Three)

As to the Count 2 offense, a dual object conspiracy, 18 U.S.C. §371 provides in pertinent part:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy each person shall be [guilty of an offense].

In order to establish that a violation of 18 U.S.C. §371 was committed, the government must prove the following four elements beyond a reasonable doubt:

**First,** that the defendant and at least one other person entered into an agreement to commit a federal crime;

**Second,** the defendant knowingly joined the agreement;

**Third,** the defendant acted with intent to further its unlawful purpose; and

**Fourth,** one of the conspirators performed an overt act to effect an object of the conspiracy.[2]

_____

[1]18 U.S.C. §372.

[2]First Circuit Pattern Jury Instruction, Criminal Cases, Instruction No. 4.03 (1998 Ed.)

-3-

As to the first object of the Count 2 offense, 18 U.S.C. §111(a)(1) provides, in pertinent part:

> Whoever . . . forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [including federal law enforcement officers] while engaged in or on account of the performance of official duties [shall be guilty of an offense].

In order to establish that a violation of 18 U.S.C. §111(a) occurred, the government must prove the following three elements beyond a reasonable doubt:

> **First**, the defendant used forcibly resisted, opposed, impeded, intimidated or interfered with a federal law enforcement officer;

> **Second**, the conduct occurred while the federal law enforcement officer was engaged in the performance of his official duties; and,

> **Third**, that the defendant acted intentionally.

As to the second object of the conspiracy that is charged in Count 2 offense and the Count 3 offense, Title 18, United States Code, Section 3 provides, in pertinent part:

> Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

-4-

In order to establish that a violation of 18 U.S.C. §3 was committed, the government must prove the following three elements beyond a reasonable doubt:

**First**, that another person ("the principal") committed a felony,

**Second**, the defendant knew the principal had committed the felony,

**Third**, the defendant received, relieved, comforted or assisted the principal in order to hinder or prevent the principal's apprehension, trial or punishment.[3]

### 3. **Offense Conduct**.

In the event this case were to proceed to trial the government would prove, beyond a reasonable doubt and through competent evidence, the following.

Edward Brown and his wife, Elaine Brown, were convicted in January 2007 of multiple tax related felonies. They refused to attend their sentencing hearings and later refused to surrender for service their 63 month sentences. The stayed at their residence and made multiple public statements to the effect that they would not surrender to authorities and that they would fight to the death if necessary in that regard. Their home is located on approximately one hundred acres of land, mostly wooded. The property includes a long driveway that extends from Center of

---

[3]United States v. Neal, 102 F.2d 643, 645-646 (8th Cir. 1939)

Town Road to the Browns' home, which is located in a clearing which extends more than 100 feet in most directions from the residence They were finally taken into custody at their residence on October 4, 2007 through undercover efforts of the US Marshals Service.

While they had been fugitives, the Browns used a number of public forums - including, but not limited to, television, newspaper, magazine and radio interviews and internet postings - to publicly declare their intention to forcibly resist any effort to arrest them.  They have also permitted a number of people who apparently share their believe that there is not legal authority for the federal government to collect taxes to enter and remain in their home for varying periods of time, including Robert Wolffe.

During the relevant time period, Mr. Wolffe was a publically vocal supporter of the Browns and provided support with his physical presence and by bringing supplies to the Browns further enabling the Browns to avoid arrest.

Mr,. Wolffe was observed towing his travel trailer into the Brown's property on numerous occasions for overnight visits.  He was also observed at the Browns with his work vehicle, a white van belonging to Leonard's Gas and Electric Service of Woodstock, Vermont.

-6-

He also provided a 1992 Chevrolet Caprice (Vermont registration "Wolfman") to the Browns which was used by other supporters of the Browns to run errands and gather supplies for the Browns, thereby sustaining their efforts to avoid arrest.

On August 11, 2007, USMS observed James Hobbs, another known supporter of the Browns, driving the Wolffes' 1992 Chevrolet Caprice on Center of Town Road, Plainfield, New Hampshire coming from the area of the Browns' property. During the trip, USMS observed Hobbs making a cell phone call. Shortly after, Robert Wolffe appeared on scene conducting counter-surveillance and video taping USMS personnel. USMS personnel observed that Robert Wolffe was armed with a handgun during that event. And it was routinely been used as a road block, parked across the Browns driveway to prevent access to the residence.

Robert Wolffe was interviewed on the Brown property by a local newspaper, The Valley News, on January 18, 2007 and an article published thereafter in the Valley News article stated that during that interview Wolffe was armed with a 9mm handgun.

On July 14, 2007, Robert Wolffe was observed at the Brown's property providing armed security during a fund raising concert to benefit the Browns. During that event, Robert Wolffe and another supporter of the Browns confronted and photographed USMS personnel and vehicles. A photo of USMS personnel which appears to have been taken at that time was later posted on the internet.

Additionally, on August 11, 2007 Robert Wolffe was armed while he conducted counter-surveillance and video taped USMS personnel.

On August 04, 2007 the following was posted on the web site S h o w   U s   T h e   I n h e r e n t   L a w , http://questforfairtrialinconcordnh.blogspot.com\,

"Saturday, August 04, 2007

Drop Spot For "Liberty Materials" Supporting the Browns

My fellow countrymen and woman your assistance is needed.

Have people send stuff for Ed and Elaine to me

Liberty Defense Project

22 Highland Ave

Randolph, VT 05060

Anything sent should be double wrapped. The outside label addressed to me, the inside label addressed to Ed and Elaine. It will be treated as personal and confidential.   Only Ed and Elaine will know what is in the packages and envelopes I receive. I will see to it personally. As Commander of the VT Div. of the US Constitution Rangers I am bound by the Constitution to assure the privacy and      security of the Brown's property that includes anything sent to them via US Mail, FedEx, UPS, etc.

Protecting your freedom and guarding the Constitution,

-8-

Bob Wolffe, Commander USCR, VT. Div."

On August 4, 2007, the following was posted on the "Official: Ed Brown's Video Blog" internet site, http://edbrownvlog.blogspot.com:

"Saturday, August 04, 2007

11:28 AM - Supplies needed -- Here is the list!!!

Updated Supplies Requested 08-04-07

1. Reels of 15lb or greater fishing line bunches,

2. Split shot sinkers for fishing,

3. Solar powered motion lights,

4. Garage door opened protection switch you know the two beams you line up so the door doesn't close on anyone (battery operated preferred),

5. high power flashlights ac or dc,

6. night vision goggles,

7. smoke grenades you can get them @ http://www.shomer-tec.com about $6 used to keep them dam deer flies away,

8. deer hunting protection vest season is right around the corner,

9. camo clothing any size and any color,

-9-

10. face paint, anything that signals when someone comes near it,

11. cardboard thicker the better,

12. roofing nails bigger better,

13. black and green spray paint,

14. loud sirens,

15. bull horns louder the better,

16. portable 12v car-lighter type power jack (they're about $20-30)

17.  2 way radios not the ones that take AAA batteries Motorola preferably,

18. I cannot emphasize enough night vision goggles,

19. Any reading material to do with tactical training,

20. handheld scanners trunked if possible,

21.  VID cameras (handheld) throw away cell phones with minutes and the phone written on it with a piece of tape,

22. clothesline rope you know this hot weather is perfect for drying outdoors and save on Ed's batteries and fuel,

23. parachute cord, flares and flares guns, the bigger the better,

24. OH YEAH, I forgot the number one most important thing,

people to come and make a stand to their death if necessary to save our country.

Send these supplies to:

Liberty Defense Project

22 Highland Ave

Randolph, VT 05060

Please spare a little time and money and get these supplies to Ed and Elaine! They need these now, and this could be the difference between life and death. They're making the stand -- if you can't make it with them in body, please support them on the logistics side. Also, if you haven't registered at our site yet please do so NOW. You can do so by going here: http/www.makethestand.com/account-new_user.html  This way we can send you important alerts directly to your e-mail right when things happen.

Please recommend our site to 1-2 or more friends and ask them to register to join our email list as well.  Thank you! http/www.makethestand.com/recommend.html "

Robert Wolffe's home address is 22 Highland Ave, Randolph, VT 05060.

On June 12, 2007, Robert Wolffe was interviewed by the USMS. During that interview, which Mr. Wolffe videotaped, he acknowledged that he knew that Edward Brown was a convicted felon and that while

he hoped for a peaceful resolution to the Brown matter. He also
said "my cause is worth dying for and you know I am ready to die
for it. ... " Videotape, at 3 minutes 57 seconds.

## 4. **Penalties**.

The defendant understands that penalties for the offenses are:

- A.   A maximum prison term of six (6) years for the Count 1
       offense; a maximum prison term of five (5) years for the
       Count 2 offense (18 U.S.C. §371),[4] and a maximum prison
       term of no more than one-half the maximum prescribed for
       the punishment of the principal(s) for the Count 3
       offense (18 U.S.C. §3) which is 42.5 years (Elaine Brown
       was convicted of 17 Counts which carried an aggregate
       statutory maximum prison sentence of 85 years. Ed Brown
       was convicted of 3 Counts which carried an aggregate
       maximum statutory prison sentence of 15 years);

- B.   Maximum fines of $250,000 for the Count 1, 2 and 3
       offenses (18 U.S.C. § 3571(b)(3);

- C.   A mandatory special assessment of $300.00 ($100.00 for
       each offense of conviction), which the defendant agrees
       to pay at or before the time of sentencing; and

- D.   A maximum term of supervised release of three (3) years
       for the Count 1, 2 and 3 offenses. The defendant
       understands that his failure to comply with any of the
       conditions of supervised release may result in revocation

---

[4]However, 18 U.S.C. § 111(b) provides:

Enhanced penalty.--Whoever, in the commission of
any acts described in subsection (a), uses a deadly or
dangerous weapon (including a weapon intended to cause
death or danger but that fails to do so by reason of a
defective component) or inflicts bodily injury, shall
be fined under this title or imprisoned not more than
20 years, or both.

-12-

> of supervised release, requiring the defendant to serve
> in prison all or part of the term of supervised release,
> with no credit for time already spent on supervised
> release (18 U.S.C. §3583).

In addition to the other penalties provided by law, the Court may also order the defendant to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

## 5. **Sentencing and Application of the Sentencing Guidelines**.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw his guilty pleas if the applicable advisory guideline range or his sentence is other than he anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the government and the United States Probation Office shall:

- A. advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

- B. respond to questions from the Court;

- C. correct any inaccuracies in the pre-sentence report;

- D. respond to any statements made by the defendant or the defendant's counsel to a probation officer or to the Court.

The defendant understands that the government and the

-13-

Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to him pursuant to the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise, and is not binding on the government, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

## 6. **Other Agreements**.

The government and the defendant agree that neither the government nor the defendant will seek a departure from the otherwise applicable advisory sentencing guideline range, except that if the defendant provides substantial assistance to the government it may file a motion to reduce his sentence pursuant to Section 5K1.1 of the United States Sentencing Guidelines, Substantial Assistance to Authorities. See ¶ 8 infra.

The government and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. **Acceptance of Responsibility**.

The defendant understands that he <u>may</u> receive a reduction in his adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense, but that determination will be a factual determination made by the Court at the time of his sentencing. The defendant understands that the government <u>may</u> oppose any reduction for acceptance of responsibility based upon conduct of which it is already aware, and the government <u>will</u> oppose any adjustment for acceptance of responsibility if the defendant:

- A. fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

- B. challenges the government offer of proof at any time after the plea is entered;

- C. denies involvement in the offense;

- D. gives conflicting statements about that involvement or is untruthful with the Court, the government or the Probation Office;

- E. fails to give complete and accurate information about his financial status to the Probation Office;

- F. obstructs or attempts to obstruct justice, prior to sentencing;

- G. has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as

-15-

> obstruction or an attempt to obstruct justice, and has
> failed to fully disclose such conduct to the United
> States prior to signing this Plea Agreement;

H.    fails to appear in court as required;

I.    after signing this Plea Agreement, engages in additional
      criminal conduct; and/or

J.    attempts to withdraw the plea of guilty.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the government opposes, or does not recommend that the defendant receive, a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is under no obligation to reduce the offense level if it finds that the defendant has not accepted responsibility, irrespective of the position the government takes.

8.   **Substantial Assistance**.

If the defendant provides substantial assistance in the investigation or prosecution of another person who has committed an offense, the government may file a motion pursuant to U.S.S.G. §5K1.1 and/or 18 U.S.C. §3553(e) advising the sentencing Court of all relevant facts pertaining to that determination and requesting the Court to sentence the defendant in light of the factors set

-16-

forth in §5K1.1(a)(1)-(5).

The defendant understands that the determination of whether to
file such a motion rests solely with the government. This means
that the government may, or may not, file a motion under U.S.S.G.
§5K1.1 and/or 18 U.S.C. §3553(e). The decision whether to file
such a motion will depend on the government's evaluation of any
assistance provided by the defendant. The defendant also
understands that even if such a motion is filed, the Court is under
no obligation to grant or act favorably upon the motion. It is
understood that the sentence to be imposed on the defendant remains
within the discretion of the sentencing Court.

## 9. **Use of Certain Information**.

Provided the defendant gives truthful, accurate and complete
information, the United States agrees that, pursuant to U.S.S.G.
§ 1B1.8(a), any self-incriminating information provided by the
defendant which was not known by the United States, or which the
government could not establish by a preponderance of the evidence
at the time of the defendant's briefings, shall not be used in
determining the advisory guideline range. This Plea Agreement is
subject to the § 1B1.8(b) exceptions and reserves to the
government the ability to make derivative use of the defendant's
statements.

10.  **Waiver of Trial Rights and Consequences of Plea**.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.  The defendant understands that he has the right:

   A.   to plead not guilty or to maintain that plea if it has already been made;

   B.   to be tried by a jury and, at that trial, the right to the assistance of counsel;

   C.   to confront and cross-examine witnesses against him;

   D.   not to be compelled to provide testimony that may incriminate him; and

   E.   to compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands that by pleading guilty he waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

-18-

11. **Acknowledgment of Guilt; Voluntariness of Plea**.

The defendant acknowledges that he:

A.    is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B.    is entering into this Plea Agreement without reliance upon any discussions with the government and without promise of benefit of any kind except as described in this Plea Agreement;

C.    is entering into this Plea Agreement without threats, force, intimidation, or coercion of any kind;

D.    understands of the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.    completely satisfied with the representation and advice received from the defendant's undersigned attorney.

12. **Scope of Agreement**.

The defendant acknowledges and understands that this Plea Agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from the defendant's plea of guilty, because such matters are solely within the discretion of the specific administrative or government agency involved. Finally, the

-19-

defendant acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

### 13. **Collateral Consequences**.

The defendant understands that he will be adjudicated guilty of the offense to which he will plead guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

### 14. **Limited Satisfaction of Federal Criminal Liability; Breach**.

The defendant's guilty pleas, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of New Hampshire as a result of the defendant's conduct which forms the basis of the Superseding Indictment in this case.

The defendant also understands that if, before sentencing, the defendant violates any term or condition of this Agreement, engages in any criminal activity, or fails to appear for sentencing, the government may void this Agreement. Should either party violate the terms of this Agreement, the other party shall have the option of declaring the Agreement null and void.

15. **Waivers**.

A. **Appeal and Collateral Review**.

The defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal.  The defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, and/or that his sentence should be set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255 or § 2241).

By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any right to appeal or to collaterally challenge his guilty plea and any other aspect of his conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues.

The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Plea Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.  The defendant's waiver of the right to collateral review does not extend to claims that the plea was unknowing or involuntary or to claims that he received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

This Plea Agreement does not affect the rights or

-21-

obligations of the government as set forth in 18 U.S.C. §
3742(b), and the government therefore retains its appeal rights.

B. **Freedom of Information and Privacy Acts.**

The defendant hereby waives all rights, whether asserted
directly or by a representative, to request or receive from any
department or agency of the United States any records pertaining
to the investigation or prosecution of this case, including
without limitation any records that may be sought under the
Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of
1974, 5 U.S.C. §522a.

16. **No Other Promises.**

The defendant acknowledges that no other promises,
agreements, or conditions have been entered into other than those
set forth in this Plea Agreement or revealed to the Court, and
none will be entered into unless set forth in writing, signed by
all parties, and submitted to the Court.

17. **Final Binding Agreement.**

None of the terms of this Plea Agreement shall be binding on
the government until this Plea Agreement is signed by the
defendant and the defendant's attorney and until signed by the
United States Attorney for the District of New Hampshire, or an
Assistant United States Attorney.

-22-

18. **Agreement Provisions Not Severable.**

The government and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

THOMAS P. COLANTUONO
United States Attorney

Date:   _1-22-08_        By: _____

Arnold H. Huftalen
Assistant U.S. Attorney
NH Bar No. 1215
U.S. Attorney's Office
55 Pleasant St., 4th Floor
Concord, NH 03301
(603) 225-1552

The defendant, Robert Wolffe, certifies that the defendant has read this twenty three (23) page Plea Agreement and that he fully understands and accepts the terms thereof.

Date: _____        _____
                            Robert Wolffe, Defendant

I have read and explained this twenty three (23) page Plea Agreement to my client, Robert Wolffe, and he has advised me that he understands and accepts its terms.

Date: _____        _____

Paul J. Garrity, Esq.
Attorney for Robert Wolffe

-23-