UNITES STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2008 JAN 22  P 12: 31

UNITED STATES OF AMERICA

v.

DANIEL RILEY, ROBERT WOLFFE,
CIRINO GONZALES, JASON
GERHARDT

MOTION TO DISMISS
PROSECUTORIAL
MISCONDUCT

1:07-cr-189-GZS

---

COMES NOW, making a special appearance, Daniel Riley, acting in a sovereign capacity, Sui Juris, not Pro Se repeat not Pro Se representing the fiction DANIEL RILEY, and files this notice of appeal. In no way can this notice be construed to grant jurisdiction over the defendant, because the defendant's counsel still contends no jurisdiction exist. In no way should this notice be construed to be considered a contract, and all rights are reserved at the common law UCC 1-308 and 1-103.6 without prejudice.

1.  The defendant makes this motion in accordance to rule 12(b)(2) alleging prosecutorial misconduct.

2.  This motion also concurs in agreement with attorney David Bownes's (representing Cirino Gonzales) motion to dismiss. The defendant RILEY (fiction) has not been served a hard copy yet, but has been advised by his standby counsel, Mr. Wiberg that Bownes moved for a dismissal on the grounds the prosecutor keeps filing more charges and releasing more discovery a little over a week before trial.

3.  The defendant contends that United States Attorneys Arnold Huftalen and Robert Kinsella are vindictive, creating unfairness and taking advantage of the defendants to gain an unfair advantage thru various means, thus violating the defendant's Fifth Amendment Right to due process of law. In United States v Griffin (1980, CA9 Ariz) 617 F.2d 1342, the U.S. Supreme Court ruled:

> "Mere appearance of vindictiveness may give rise to presumption of vindictive motive sufficient to establish due process violation, and upon demonstration of facts sufficient to give rise to presumption, burden is shifted to prosecutor to show that his decisions were justified by independent reasons or intervening circumstances which dispel appearance of vindictiveness; thus, whether facts give rise to appearance of vindictiveness is dependent upon totality of circumstances surrounding prosecutorial decision at issue."

4.  Arnold Huftalen threatened the defendant that if he did not cooperate and disclose all he knew about the Browns and their supporters he would file enough charges to put him in jail for the rest of his life. Huftalen also stated that if the defendant planned

on going to trial that he would file bomb charges, which hold a thirty-year mandatory minimum compared to the five year charges the defendant was looking at. Attorney Sven Wiberg was a witness to Arnold Huftalen's threats to the defendant.

5. The defendant contends that these threats by U.S. Attorney Huftalen tried to chill the exercise of the defendant's Sixth Amendment Right to a jury trial. Huftalen was vindictive when he stated that if any defendant plans on going to trial he will "pile on the charges" were his exact words. These threats amount to the same as holding a gun to the defendant's head ordering him to cooperate all or else.

6. Huftalen and Kinsella offered defendant another plea agreement on 1/8/08, which defendant would not accept. Huftalen and Kinsella stated to Mr. Wiberg that Danny is crazy if he does not accept this last plea offer.

7. Shortly thereafter A.U.S.A Huftalen and Kinsella moved to second supersede indict the defendant again for not taking their plea, just weeks before the trial. The information used in the new indictment was information the U.S. attorney had all along and yet waited to punish the defendant for not going along with there agenda.

8. The defendant is being punished by the prosecutor for not cooperating and for exercising his Fifth Amendment Right to remain silent by not telling the U.S. Attorney more details concerning the Browns and their supporters. The defendant is also being punished by the prosecutor for exercising his Sixth Amendment Right by taking his case to trial on the merits. U.S. Attorney Huftalen made good on his threats to "pile on the charges." The U.S. Attorney is now on their third superseding indictment a week before jury voir dire. Attorney Sven Wiberg was a witness to the threats made by U.S. Attorneys Huftalen and Kinsella against defendant RILEY. In <u>United States v Rosales-Lopez</u> (1980, CA9 Cal) 617 F.2d 1349, affd (1981) 451 US 182, 68 L Ed 2d 22 the U. S. Supreme Court ruled;

> "Defendant's right to due process of law is violated where prosecution increases severity of alleged charges in response to exercise of constitutional or statutory right, and vindictiveness is normally found where government has occasion to re-indict or re-try defendant following exercise of procedural right; however, action of prosecutor in re-indicting defendant is not vindictive where charges contained in second indictment expose defendant to no greater risk of punishment than did those contained in first indictment."

In <u>United States v Taylor</u> (1985, CA11 Ga) 749 F.2d 1511, the U. S. Supreme Court ruled;
> "Prosecutor's decision to reindict defendant is limited by due process clause; whenever, following defendant's appeal, prosecutor brings charge carrying potentially greater sentence than original charge, vindictiveness is presumed providing that circumstances demonstrate either actual vindictiveness or realistic fear of vindictiveness; when prosecutor adds new charge for relatively separate and distinct

2

criminal conduct that occurred in same "spree of activity" due process rights are offended..."

The defendant has appealed numerous motions denied without any hearing, finding of fact or conclusions of law. The defendant fears the U.S. Attorneys are vindictive. The new charges (demands) are from the same alleged "spree of activity" contained in the prior indictments.

9. The defendant contends that the United States is not out for justice but out for revenge, at all cost. The prosecutor has a responsibility to the defendant and the public to seek justice not revenge. In United States v Torquato (1979, CA3 Pa) 602 F.2d 564, the U. S. Supreme Court ruled;

> "Federal prosecutors are governed by equal protection principle of Fifth Amendment....."

The prosecutor keeps adding new severer charges as the time for trial nears, prejudicing the defendant by not allowing ample time to analyze voluminous new discovery for exculpatory evidence and to prepare proper defense. This discovery should have been turned over weeks ago.

10. On 1/8/08 at a pretrial hearing the defendant moved to suppress statements made in violation of his Fifth Amendment Right. On 1/14/08 U.S. Attorney Huftalen released lies to the associated press regarding the defendant, to further taint the potential jury pool. These are not public records being released to the public but blatant lies by the U.S. Attorney to prejudice the defendant. The defendant contends the U.S. Attorney cannot get his coerced statements in front of the jury legally so he has to use his government megaphone, the press, to expose potential jurors to U.S. Attorney's lies, thus showing more vindictive behavior.

11. In article by the associated press entitled *Two Brown Supporters now face explosive charges* Huftalen said:

> "the plan, Riley described it, was to secure the guns to trees along the property line....firing a shotgun blast in their direction."

> "Riley described a plan to shoot the tannerite jars from afar if federal agents were spotted...to injure or kill anyone....."

By releasing these lies to the media, Huftalen has displayed his lack of respect for the justice system by having to rely on lies to the media to seek his revenge against the defendants instead of a courtroom. Defendant contends the U.S. Attorney created unfairness when he infected the jury pool with his slander causing "extraneous influence" on the jury pool and irreparable damage to the defendant's Sixth Amendment Right to an impartial jury by his vindictive actions.

3

12. Relief Sought: the defendant motions to dismiss this case due to the vindictive actions of the prosecutors Arnold Huftalen and Robert Kinsella.

DATED: January 18, 2008

Daniel Riley (sui juris)
Indigent inmate
SCDC
266 County Farm Rd
Dover NH, 03820
All Rights Reserved Without Prejudice

CC: UNITED STATES DISTRICT COURT FOR NEW HAMPSHIRE
AUSA Robert Kinsella
David Bownes, Stanley Norkunas, Paul Garrity

Note: Bownes, Norkunas and Garrity served by Electronic filing as per their request.

## VERIFICATION

I, Daniel Riley, *Sui Juris*, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States," that I am over 18 years of age, a citizen of one of the United States of America, and that I personally served the following document(s);

WITNESS LIST, EXHIBIT LIST WITH EXPLANATION,
MOTION TO DISMISS ON PROSECUTORIAL MISCONDUCT

To the Unit Officer of The Stratford County Department of Corrections for, postage and delivery by United States Mail, to the following;

UNITED STATES DISTRICT COURT FOR NEW HAMPSHIRE
55 Pleasant St.
Concord N.H. 03301

United States Attorney
Robert Kinsella or Arnold Huftalin
55 Pleasant St.
Concord N.H. 03301

David Bownes
486 Union Ave.
Laconia N.H. 03246, ECF

Stanley Norkunas
11 Kearney Sq.
Howe Bldg.
Lowell. Mass. 08152, ECF

Paul Garrity
No address available, ECF

Note: Bownes, Norkunas and Garrity served by Electronic filing as per their request.

Executed on: January 18, 2008

Daniel Riley, *Sui Juris*
All Rights Reserved Without Prejudice