U.S. DISTRICT COURT
DISTRICT OF N.H

1

2009 FEB 24 A 9:32

```
 1              UNITED STATES DISTRICT COURT

 2                    DISTRICT OF MAINE

 3     _____

 4     UNITED STATES OF AMERICA,      CRIMINAL ACTION

 5           Plaintiff         Docket No:  07-189-03

 6

 7        -versus-

 8

 9     CIRINO GONZALEZ,

10           Defendant

11     _____

                    Transcript of Proceedings
12

13     Pursuant to notice, the above-entitled matter came on
       for RULE 11 PROCEEDING held before THE HONORABLE GEORGE
14     Z. SINGAL, United States District Court Judge, in the
       United States District Court, Edward T. Gignoux
15     Courthouse, 156 Federal Street, Portland, Maine on the
       13th day of June, 2008 at 8:00 AM as follows:
16

17     Appearances:

18     For the Government: Arnold H. Huftalen, Esquire
                           Assistant United States Attorney
19
       For the Defendant:  David H. Bownes, Esquire
20

21

22

23              Dennis R. Ford, RMR
                Official Court Reporter
24
          (Prepared from manual stenography and
25           computer aided transcription)
```

**Page 2**

1  (OPEN COURT. DEFENDANT PRESENT)
2  THE COURT: Good morning, counsel.
3  MR. HUFTALEN: Good morning, Your Honor.
4  MR. BOWNES: Good morning, Your Honor.
5  THE COURT: We are here on criminal docket
6  07-189-03, this is a New Hampshire, District of New
7  Hampshire criminal case. We are here for a change of
8  plea. The case name, United States of America versus
9  Cirino Gonzalez.
10  Counsel, please enter your appearance. For the
11  Government?
12  MR. HUFTALEN: Yes, Your Honor. Arnold
13  Huftalen for the Government.
14  MR. BOWNES: Good morning, Your Honor. David
15  Bownes for Mr. Gonzalez.
16  THE COURT: Counsel, we have a plea agreement
17  in this matter; is that correct?
18  MR. HUFTALEN: We do. I provided it to Mr.
19  Bownes this morning.
20  THE COURT: Alright, Mr. Bownes, you have Mr.
21  Cirino Gonzalez with you; is that correct?
22  MR. BOWNES: I do.
23  THE COURT: You are Mr. Cirino Gonzalez; is
24  that correct?
25  THE DEFENDANT: Yes.

**Page 3**

1  THE COURT: I know you have a different
2  procedure in New Hampshire with regard to execution of
3  plea agreements. We normally have them signed
4  pre-plea. You normally have them signed in court; is
5  that correct?
6  MR. HUFTALEN: Ordinarily, we sign them
7  beforehand, as you do here, but because we have been
8  negotiating on this, I only made the final notations
9  yesterday morning and showed them to Mr. Bownes.
10  THE COURT: Very good. Mr. Bownes, has the
11  plea agreement been executed?
12  MR. BOWNES: The plea agreement has been
13  executed by Mr. Huftalen and by myself. Mr. Gonzalez
14  had some questions, but I've gone over the plea
15  agreement with him. He has not at this point executed
16  it, but I don't anticipate that's going to be a
17  problem.
18  THE COURT: Alright. Why don't you -- Mr.
19  Gonzalez, are you prepared to execute the plea
20  agreement? I'll go through it with you in detail at a
21  later time. I can't hear you.
22  THE DEFENDANT: I prefer that first.
23  THE COURT: You prefer to go through the plea
24  agreement first?
25  THE DEFENDANT: Yes.

**Page 4**

1  THE COURT: Very good. The problem is, Mr.
2  Gonzalez, that I'm going to take your plea before we go
3  through the plea agreement. In other words, you are
4  free not to execute the plea agreement. That's your
5  decision.
6  Do you have concerns with regard to the contents
7  of the plea agreement?
8  THE DEFENDANT: Yes.
9  THE COURT: Alright. Tell me what your
10  concerns are.
11  THE DEFENDANT: Um, just wording is wrong.
12  THE COURT: The wording? I'm not going to be
13  able to advise you as to the wording of the plea
14  agreement. I can explain to you the critical
15  provisions in it, but as far as the wording is
16  concerned, that's between you and your lawyer and the
17  Government.
18  What do you want to do? Why don't you --
19  MR. BOWNES: Mr. Gonzalez indicates that he
20  doesn't want to do this.
21  THE COURT: Very good. Jury selection
22  Thursday of next week. Anything else, counsel?
23  MR. HUFTALEN: Unfortunately, no.
24  THE COURT: Mr. Bownes, anything?
25  MR. BOWNES: I would like to spend some time

**Page 5**

1  with Mr. Gonzalez to make sure this is what we're going
2  to do.
3  THE COURT: That's fine with me. At this
4  point, this matter is -- counsel be aware, I'm not
5  available Monday or Tuesday. I'm testifying before
6  Congress so I am not available. Jury selection is
7  Thursday. I am available periodically today. Trial to
8  begin a week from Monday; correct? Is that correct,
9  counsel?
10  MR. BOWNES: That's when it's scheduled.
11  THE COURT: That's when we're going to go. We
12  are in recess.
13  (RECESS CALLED)
14  (CHAMBERS CONFERENCE)
15  THE COURT: Cirino Gonzalez, I'm in chambers
16  with counsel at their request. What can I do for you,
17  Mr. Bownes?
18  MR. BOWNES: What I'm going to ask now is that
19  the case, which is currently scheduled to pick a jury
20  next week on Counts 1 and 5, be continued. I do that
21  on two basis. One, without any prejudice to my client,
22  something happened between the time I saw him
23  yesterday, and this morning and I'm not sure what it
24  is.
25  Second of all, I wouldn't be prepared to go

Page 6

1 forward on these charges, but I think that I am
2 prepared to ask the Court to -- and Mr. Gonzalez, as I
3 understand it, will agree to this and I'll get his
4 signature on this on waiving his right to a speedy
5 trial, and two, specifically ask to go forward on
6 sentencing, ask that a PSI be ordered and that a
7 sentencing date be scheduled with respect to Counts 2
8 and 3.
9     It's my belief, crossing fingers, that that will
10 resolve this case, based upon discussions with the US
11 Attorney's Office, and I think the US Attorney will
12 join in that motion.
13     MR. HUFTALEN: First, let me say that Mr.
14 Bownes has acted in what I think is nothing but the
15 utmost good faith in trying to resolve this case over
16 the last two weeks. I believe we had a plea agreement
17 that was fair and reasonable.
18     I don't know what happened between last night when
19 Mr. Bownes met with his client and this morning. The
20 Court may recall, probably doesn't recall, at the time
21 the partial verdicts came in with respect to Mr.
22 Gonzalez, the Court inquired of counsel whether we wish
23 to proceed to sentencing and then retrial or the other
24 way around, and I immediately suggested sentencing.
25     The Court asked why and the reason I gave then is

Page 7

1 the same reason occurring in the motion now is that I
2 believed that, depending on the sentence that is
3 imposed which, of course, will be fair and reasonable,
4 there may be no need for a retrial.
5     Mr. Bownes, not having spoken with his client at
6 that point, couldn't give the Court an answer, and the
7 Court suggested that the parties file something within
8 a week on that issue.
9     About five or six days thereafter, it was
10 scheduled for a retrial. The Government had asked Mr.
11 Bownes, on each instance when he's filed a motion to
12 continue, to include in the motions to continue the
13 request that the sentence go forward before the
14 retrial, but for reasons I don't need to know, that
15 couldn't be done.
16     THE COURT: I'm not sure that's even proper.
17 We have portions of an Indictment still pending. I'm
18 not even clear if I wanted to -- and I'm reserving my
19 decision on that for the moment, whether I could go
20 forward and do that. To my memory, I haven't seen any
21 briefs filed on that issue --
22     MR. HUFTALEN: I have not filed one.
23     THE COURT: -- despite my earlier request.
24 I'm hesitant where we have outstanding counts to
25 proceed on sentencing and then, depending on the

Page 8

1 sentence, we go ahead and finish the counts on a
2 pending Indictment.
3     If the Government wants to dismiss Counts 1 and 5,
4 I'll proceed with sentencing. If they don't want to
5 dismiss, it's entirely up to them. My inclination
6 right now is not to continue this trial, and you all
7 know why. This is very difficult to get these -- this
8 kind of time set aside.
9     We've done a tremendous amount of work to get
10 ready again, and I can't see any reason -- simply
11 because last night there was a plea and this morning
12 there isn't, that doesn't take a whole lot of time out
13 of trial preparation. I assume after last night,
14 everyone was getting ready to try the case, but I'm
15 open-minded about it. It's just that every time we get
16 close to a trial date, something happens and all of a
17 sudden, boom. I have an obligation to get this matter
18 terminated.
19     Is the Government ready to proceed?
20     MR. HUFTALEN: We can be prepared to go
21 forward at the time scheduled. I don't have all of my
22 witnesses lined up, but we will get them here.
23     Although we have been preparing for trial, we
24 delayed telling people that they have to be here on a
25 day certain because we anticipated this plea would go

Page 9

1 forward, but yes, we can go forward.
2     MR. BOWNES: Judge, the reason that I asked to
3 go to sentencing on Count 2 and 3, and I know that you
4 can't speculate as to how this case will resolve
5 itself, I know that I have Mr. Gonzalez's permission
6 and his consent to ask for sentencing on Counts 2 and 3
7 with respect to this matter.
8     I have -- I guess I have done that before in other
9 cases. I don't think I've done it in federal court
10 cases. I've done it in state cases and I know that --
11     THE COURT: What you're telling me, Mr.
12 Bownes -- sorry to interrupt you -- what you're telling
13 me is, in essence, if the client -- if your client
14 likes the sentence I give him on the convicted counts,
15 then you can --
16     MR. BOWNES: No, I'm telling you something
17 different.
18     THE COURT: -- one thing will happen. If he
19 doesn't like the sentence, then something else is going
20 to happen.
21     MR. BOWNES: No. No.
22     THE COURT: What is it that makes the
23 difference whether he is sentenced or not?
24     MR. BOWNES: Here is what makes the
25 difference. First of all, I would be hard pressed to

## Page 10

1  try this case beginning on the 23rd.
2      Second of all, I can resolve this case. I know
3  that that's not -- that's not something you can rely
4  on. I know that that's not something --
5      THE COURT: I was told we had a plea this
6  morning. I've seen things fall apart.
7      MR. BOWNES: I have seen things fall apart
8  also and it would be -- quite frankly, it would --
9  irrespective, I understand that my client has
10  Constitutional rights and that his choices are
11  respected by everybody and that he makes the final
12  decisions with what goes on, but it would be, from a
13  legal and a factual perspective, so against his
14  interests to try this case in these circumstances with
15  this offer and this agreement, and the offer as it
16  stands now is just to do a naked plea to Count 1, and
17  the Government would still honor its motion to dismiss
18  with respect to Count 5. That's the offer.
19      I don't know what happened at the Stratford County
20  House of Corrections except that I know that Mr. -- I
21  was there yesterday. Why they do that to me, I don't
22  know, but I know my client. I know what I did in terms
23  -- why I even initiated these discussions with Mr.
24  Huftalen to begin with. I know what my discussions
25  have been with my client. I know how carefully we've

## Page 11

1  gone over this.
2      I know that he's agreed to go to sentencing on
3  Counts 2 and 3 first and that there is just -- I'll say
4  it on the record -- there is not a likelihood that
5  we're -- I'm not even anticipating what the sentence is
6  going to be -- that there's going to be a trial on
7  Counts 1 and 5.
8      THE COURT: The Government is free to do
9  whatever it wants with regard to Counts 1 and 5 in
10  terms of motions. That's out of my control.
11      The only thing that's within my control right now,
12  and I'm thinking about your request, Mr. Bownes, is
13  that I have something that's been pending a substantial
14  period of time.
15      I asked the Government if they wished to proceed
16  with trial on Counts 1 and 5. Government indicated
17  that they did. I gave counsel extended notice of the
18  trial dates so that they could be ready. I tried to be
19  more than fair in terms of putting this case together.
20      1 and 5 is nothing new that hasn't already been
21  tried once. There is nothing new there. If anything,
22  it's an easier case to try now with one defendant
23  versus three defendants. Everybody knows what the
24  evidence is at this point and I'm happy to get it done.
25      If the Government is pushing this matter for

## Page 12

1  trial, and they have indicated that they wish to try
2  these two counts, my present view, forgetting the legal
3  issues of whether I could sentence on portions of an
4  Indictment that's been terminated by conviction while
5  other matters are pending, I'm concerned about
6  piecemeal appeals.
7      What you're basically telling me is sentence
8  somebody, let them appeal the legal issues on part of
9  an Indictment, and then at the same time, we are
10  retrying the same issues on the same Indictment while
11  an appeal is pending on those issues. Those are
12  interlocutory appeals, virtually, at the same time.
13      I'm just not sure that's okay. Do you follow what
14  I'm saying? What you're saying is sentence him next
15  week. He appeals. In the meantime, we start the trial
16  on the same case, involving the same issues while that
17  matter is on appeal.
18      MR. BOWNES: I guess I don't want to appear to
19  be playing procedural games, and so I'll just state
20  this with that caveat when I say it, he has a right, I
21  think, to an interlocutory appeal on the motion to
22  dismiss on double jeopardy grounds as of right. I
23  suppose that I could do that.
24      THE COURT: He did. I'm not sure that he does
25  now. The time may have run.

## Page 13

1      MR. BOWNES: The time -- I haven't done the
2  calculations because it's never been my --
3      THE COURT: The mistrial was granted without
4  objection.
5      MR. BOWNES: Without objection.
6      THE COURT: And --
7      MR. BOWNES: It's not the right to try him
8  again because it was a mistrial. It's a right to trial
9  -- it's a right to go forward on Count 1 based upon --
10      THE COURT: I don't know. I'm not going to
11  give -- my opinion on whether he has an interlocutory
12  appeal, double jeopardy argument with regard to Counts
13  1 and 2, it just doesn't carry much weight with the
14  Circuit. I understand your position.
15      MR. HUFTALEN: I think the Court makes a good
16  point with respect to the appeal and the trial, and I
17  think if he were to appeal the sentence on the two
18  counts of conviction, the District Court would, in all
19  likelihood, be divesting jurisdiction pending
20  resolution of the appeal.
21      THE COURT: Not just appeal on the sentence,
22  appeal on all these legal issues that resulted from
23  that earlier trial. He would have a right, I assume.
24      MR. HUFTALEN: I assume also.
25      THE COURT: That's a morass. Again, I'm not

14

1 offering an opinion, but I'm just concerned about it.
2     MR. BOWNES: Well, I don't -- well, the only
3 issue that's worth appealing with respect to Count 1 is
4 the double jeopardy issue.
5     THE COURT: Government wants to proceed on 1
6 and 5?
7     MR. HUFTALEN: Yes.
8     THE COURT: Jury selection is Thursday.
9 That's what we're going to do. Trial starts a week
10 from Monday. Anything else? Alright, thank you.
11     MR. HUFTALEN: No. Thank you for your time.
12     THE COURT: Sorry.
13     (RECESS CALLED)
14     (OPEN COURT. DEFENDANT PRESENT)
15     THE COURT: We are here in United States
16 versus Cirino Gonzalez, 07-189 criminal docket New
17 Hampshire.
18     I received an ex-parte motion. Mr. Bownes, I'm
19 going to give you the opportunity before I discuss the
20 motion, you can either have the US Attorney present or
21 we can discuss it ex-parte, but on the record. Your
22 call.
23     I don't know if there is anything private involved
24 in this -- or your client's call. If either one of you
25 says you want it ex-parte without the US Attorney,

15

1 that's what I'll do.
2     MR. BOWNES: He can be here, Your Honor.
3     THE COURT: He can be here; is that what
4 you're saying?
5     MR. BOWNES: Yes.
6     THE COURT: Alright. Go right ahead.
7     MR. BOWNES: Your Honor, I filed this motion,
8 I signed it. Cirino has asked that I be relieved of my
9 role as his counsel in his case. I think he has a pro
10 se right to represent himself if he so choses.
11     I'm not going to state an opinion as to whether
12 that's advisable or not, although I have and I've
13 informed Mr. Gonzalez that I have called my office and
14 instructed them to file the witness list which is due
15 today. I've instructed them to file not on an ex-parte
16 basis anymore because it's not necessary, but
17 essentially the same type of motion with respect to the
18 subpoena for out of state witnesses.
19     I don't know how we would coordinate that if he
20 were on a pro se basis. I am not asking to be relieved
21 of my duties, but I'm conveying Mr. Gonzalez's request
22 so that --
23     THE COURT: Mr. Gonzalez -- put that mic under
24 him, if you would. Put the mic -- push the microphone.
25 Mr. Gonzalez, stand up so I can hear you a little bit

16

1 better.
2     Now, there has been a request filed, signed by you
3 apparently, that you wish to relieve Mr. Bownes as your
4 counsel; is that correct?
5     THE DEFENDANT: That's correct.
6     THE COURT: Alright. What I don't understand
7 is do you want a different lawyer; is that what you're
8 asking?
9     THE DEFENDANT: No.
10     THE COURT: What do you want?
11     THE DEFENDANT: I want to go home.
12     THE COURT: I understand that, but that's not
13 within my rights at this point. Let me be a little bit
14 more direct.
15     Is it really your intention to represent yourself
16 at this trial or do you want a different lawyer?
17 That's really what I'm trying to understand.
18     THE DEFENDANT: If you can find a lawyer for
19 me that will represent me in the way they should, then
20 I will take another one.
21     THE COURT: Alright. So what you want is
22 somebody different.
23     THE DEFENDANT: No.
24     THE COURT: What is it you want then?
25     THE DEFENDANT: I want to go home.

17

1     THE COURT: I can't help you with that. I'm
2 trying to figure out if you want someone other than Mr.
3 Bownes to represent you or you don't want anyone to
4 represent you.
5     THE DEFENDANT: I want to go home.
6     THE COURT: Can you answer my question?
7     THE DEFENDANT: I did.
8     THE COURT: Do you wish a different lawyer or
9 do you wish to represent yourself?
10     THE DEFENDANT: I'll represent myself if you
11 cannot find a lawyer for me.
12     THE COURT: Well, I'm not going to interview
13 lawyers for you. The question I'm trying to get across
14 to you is, is it your desire to act pro se? Do you
15 understand what "pro se" means?
16     THE DEFENDANT: Yes, I do.
17     THE COURT: Is that your desire, or do you
18 wish someone other than Mr. Bownes to represent you as
19 counsel? Do you understand what I'm asking?
20     THE DEFENDANT: I understand.
21     THE COURT: Do you want to think about it?
22     THE DEFENDANT: I'll take another lawyer.
23     THE COURT: Sit down and think about it.
24     THE DEFENDANT: I'll take another lawyer.
25     THE COURT: You wish a different lawyer. Tell

**Page 18**

1  me why you don't want Mr. Bownes to represent you.
2  THE DEFENDANT: I don't know. I don't know.
3  THE COURT: Do you have any other answer than
4  that?
5  THE DEFENDANT: No.
6  THE COURT: Government have a position on
7  this?
8  MR. HUFTALEN: Yes. The Government would
9  request that Mr. Bownes not be relieved from the case.
10  The reason being a new lawyer at this stage of the
11  proceeding would be nowhere near up to speed. Even if
12  he were up to speed, Mr. Bownes has intimate knowledge
13  of the facts of the case through the trial, and Mr.
14  Bownes would be a much better attorney at sentencing
15  for this defendant.
16  Stating the obvious, the decision was made in the
17  US Attorney's Office to retry this matter. The
18  decision was recently made in the US Attorney's Office
19  to attempt to resolve this case through a plea, which
20  fell apart this morning.
21  The Court has asked on the record today whether or
22  not the Government wanted to proceed, pointing out that
23  the Government had the opportunity to dismiss the
24  charges at its discretion. I advised the Court that
25  the Government intends to go forward.

**Page 19**

1  This case can be resolved either through a plea or
2  trial or a dismissal, obviously. A dismissal is not
3  likely at this point, but I've had serious discussion
4  since we met in chambers this morning in my office, and
5  if the Court is inclined to grant the motion to relieve
6  Mr. Bownes, I respectfully request that the Court delay
7  that ruling until Tuesday or Wednesday.
8  THE COURT: Alright. Thank you. I appreciate
9  hearing from you.
10  Mr. Gonzalez, I understand you are under some
11  stress. You've been in jail for how long now?
12  MR. BOWNES: Since September 12th of 2007,
13  Your Honor.
14  THE COURT: Mr. Gonzalez, I'm certainly -- I
15  certainly wish and am willing to listen to anything you
16  want to tell me in terms of the grounds that you have
17  to ask for a different lawyer than Mr. Bownes. The
18  reason you've given to me is inadequate.
19  We are now headed for jury selection within a
20  week, less than a week, and trial within possibly a
21  week from today. This trial involves multiple
22  witnesses, involving much of the same evidence that
23  appeared at a previous trial. I must consider the
24  effect that a change of counsel will have on trial. I
25  have to consider your reasoning for a different lawyer

**Page 20**

1  and I'm not hearing anything.
2  THE DEFENDANT: I have one for you.
3  THE COURT: I can't hear you.
4  THE DEFENDANT: I have one for you.
5  THE COURT: Go right ahead.
6  THE DEFENDANT: My lawyer attempted this
7  morning to manipulate the system using a plea deal,
8  which is what this means. I've been held without bond
9  on a gun charge which no one can prove, and now the
10  prosecution is willing to just drop it? I cannot live
11  with myself and deal with this bullshit. I have to
12  live with myself and I will not destroy myself for
13  taking a fucking plea deal. My lawyer was willing to
14  help me do that and I cannot stand in good conscience
15  to continue with him. That is my reasoning.
16  THE COURT: Anything else, Mr. Bownes?
17  MR. BOWNES: My only response is --
18  THE COURT: You can be seated, Mr. Gonzalez.
19  THE DEFENDANT: Thank you.
20  MR. BOWNES: My only response is this, that --
21  I won't address Cirino's claim of trying to manipulate
22  the system. I will say that I continue not to request,
23  or I'm not asking to be relieved of my responsibility.
24  For the record, I will say with Cirino, I've asked
25  Cirino if it would be okay for me to visit with him

**Page 21**

1  tomorrow at the Merrimac County House of Corrections or
2  wherever he is held, I hope it's the Merrimac County
3  House of Corrections, and Cirino indicated that would
4  be correct; is that correct?
5  THE DEFENDANT: That's correct.
6  MR. BOWNES: Okay.
7  THE COURT: Thank you, Mr. Bownes. Anything
8  else from the Government?
9  MR. HUFTALEN: No.
10  THE COURT: Mr. Gonzalez, anything else?
11  THE DEFENDANT: No.
12  THE COURT: Alright. I've considered the
13  request. I've taken into account the timeliness of the
14  request. I have inquired of the defendant with regard
15  to his reasoning, and in my view, there is no total
16  lack of communication preventing adequate defense in
17  this case.
18  I would add for the record that Mr. Bownes has
19  provided excellent representation to this defendant
20  with excellent results at the prior trial, and was
21  totally aware of the extensive evidence and he was able
22  to use it effectively during that prior proceeding.
23  The nature of the disagreement is simply not
24  sufficient to warrant a change of counsel so close to
25  trial. That request on that basis is denied.

```
 1       If there is nothing else, counsel, jury selection
 2  is set for next Thursday morning.  We are in recess.
 3       (END OF PROCEEDING)
 4            C E R T I F I C A T I O N
 5  I, Dennis R. Ford, Registered Merit Reporter and
 6  Official Court Reporter for the United States District
 7  Court, District of Maine, certify that the foregoing is
 8  a correct transcript from the record of proceedings in
 9  the above-entitled matter.
10  Dated: December 31, 2008
11  _____
12  Official Court Reporter
13
14
15
16
17
18
19
20
21
22
23
24
25
```